**Wolters Kluwer**

**EXHIBIT A**

**CT Corporation**
**Service of Process Notification**
09/01/2022
CT Log Number 542236729

## Service of Process Transmittal Summary

**TO:**   Robin Johnson
Shell USA, Inc.
150 N DAIRY ASHFORD RD
HOUSTON, TX 77079-1115

**RE:**   **Process Served in Texas**

**FOR:**   Shell Offshore Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: John Johnson // To: Shell Offshore Inc. |
| **CASE #:** | 202248884 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/01/2022 at 03:30 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/01/2022, Expected Purge Date: 09/06/2022 |
| | Telephone,  Robin Johnson , -8323372831 |
| | Image SOP |
| | Email Notification,  Robin Johnson  robin.l.johnson@shell.com |
| | Email Notification,  Patricia Gunning  patricia.gunning@shell.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Thu, Sep 1, 2022
**Server Name:**                    D'Ann Wathen

| Entity Served | SHELL OFFSHORE INC. |
|---|---|
| Case Number | 2022-48884 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



DELIVERED SEP - 1 2022

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202248884

RECEIPT NO: 938346  TRACKING NO: 74043614
EML

| | |
|---|---|
| Plaintiff: | In The 269th |
| JOHNSON, JOHN | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| NOBLE DRILLING (U S) LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    SHELL OFFSHORE INC (A DELAWARE CORPORATION) MAY BE SERVED WITH PROCESS BY AND THROUGH ITS REGISTERED AGENT FOR SERVICE**
**CT COPRORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on August 10, 2022 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on August 25, 2022, under my hand and seal of said court.

Issued at the request of:

WOOD, COLIN GERALD ORION
909 TEXAS ST. SUITE 1801
HOUSTON, TX  77002
281-724-4164
Bar Number: 24082535

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:PATRICIA JONES

DELIVERED SEP - 1 2022

Tracking Number: 74043614

EML

## CAUSE NUMBER: 202248884

| | |
|---|---|
| **PLAINTIFF: JOHNSON, JOHN** | In the 269th |
| vs. | Judicial District Court of |
| **DEFENDANT: NOBLE DRILLING (U S) LLC** | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
                Affiant                                                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

8/10/2022 1:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67149053
By: Patricia Jones
Filed: 8/10/2022 1:45 PM

# 2022-48884 / Court: 269

## CAUSE NO. _____

| | | |
|---|---|---|
| John Johnson | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| Noble Drilling (U.S.), LLC, | § | HARRIS COUNTY, TEXAS |
| Noble Drilling Services, Inc., | § | |
| Noble Corporation, Noble Drilling | § | |
| Holding, LLC, Shell Oil Company, | § | |
| and Shell Offshore Inc. | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff John Johnson files this Original Petition and Request for Disclosure complaining of Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Corporation, Noble Drilling Holding, LLC, Shell Oil Company, and Shell Offshore Inc. (collectively referred to as "Defendants") and will respectfully show the Court as follows:

### I.   Jurisdiction

1.   This case is filed under the Jones Act (46 U.S.C. § 30104), as well as general maritime law (28 U.S.C. § 1333). The Harris County District Courts have jurisdiction over this matter pursuant to the Saving to Suitors clause (28 U.S.C. § 1333(1)). Further, Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

2.   This case is not removable to federal court under the Outer Continental Shelf Lands Act ("OCSLA"). Under prevailing 5th Circuit precedent, removal under OCSLA is only permissible where the vessel was "permanently or temporarily attached to the seabed [of the Outer Continental Shelf] … for the purposes of exploring for, developing, or producing resources therefrom." *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013), citing 43 U.S.C. § 1333.

Further, OCSLA expressly excludes "a ship or vessel" from its scope. 43 U.S.C. § 1333(a)(1)(A)(iv). Here, the vessel in question—the *Noble Globetrotter II* ("*Globetrotter II*")— was not "permanently or temporarily attached to the seabed [of the OCS.]" *Barker* at 213. More importantly, it is a vessel and therefore expressly excluded from the statute.

## II.    Venue

3.    Venue is proper pursuant to Tex. Civ. Prac. Rem. Code § 15.002(3) because one or more Defendants have a principal place of business located in Harris County.

## III.    Discovery Level

4.    Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.    Parties

5.    Plaintiff John Johnson is a Jones Act Seaman who resides in Lafayette, Louisiana. Mr. Johnson was working aboard the *Globetrotter II* when the events giving rise to this petition took place.

6.    Defendant Noble Drilling (U.S.) LLC is a domestic company with its principal place of business in Sugar Land, Texas. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

7.    Defendant Noble Drilling Services, Inc. is a domestic corporation with its principal place of business in Sugar Land, Texas. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

8.   Defendant Noble Corporation is a domestic corporation with its principal place of business in Sugar Land, Texas. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

9.   Defendant Noble Drilling Holding, LLC is a foreign corporation with significant ties to the State of Texas. The Court may exercise personal jurisdiction over Defendant Noble Drilling Holding, LLC because it does a substantial amount of business in Texas. Defendant Noble Drilling Holding, LLC has systematic and continued contacts with Texas that justify the exercise of general jurisdiction. Defendant Noble Drilling Holding, LLC is also subject to the specific jurisdiction of this court because its contacts with Texas are directly related to the incident from which Plaintiff's claims arise. This Defendant may be served with process by and through its registered agent for service: The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE 19801.

10. Defendant Shell Oil Company is a Delaware company that has its principal place of business and headquarters in Harris County. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

11. Defendant Shell Offshore Inc. is a Delaware corporation that has its principal place of business and headquarters in Harris County. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

### V.    Facts

12. This suit arises out of grossly reckless conduct by Defendants leading up to and during Hurricane Ida—one of the most powerful and damaging hurricanes to ever strike the United States. Hurricane Ida formed in the Gulf of Mexico on or about August 26, 2021, and made landfall in

Port Fourchon, Louisiana on August 29, 2021. During this time, Plaintiff was working aboard the *Globetrotter II*, a vessel owned, operated and/or maintained by Defendants. At all relevant times Plaintiff was a Jones Act Seaman. Although Hurricane Ida made landfall on August 29, 2021, warnings about the storm's gathering strength were issued days in advance. From the time it became a tropical depression on August 26, 2021, the forecast narrowed in on the lower southeast coast of Louisiana as the bullseye for landfall. As projected, Hurricane Ida made landfall in southeast Louisiana near Port Fourchon with sustained winds of 150 miles per hour.

13. At all material times, the *Globetrotter II* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Ida entered the Gulf of Mexico taking aim at the southeast Louisiana shore. No human being should be in the path of a hurricane as powerful as Hurricane Ida. Unfortunately for Plaintiff, neither Shell nor the Noble Defendants cared about the risks posed to Plaintiff. On August 27, 2021, Plaintiff was aboard the drillship *Globetrotter II* in the Gulf of Mexico. Despite the undeniable path of the oncoming storm, Defendants ordered the *Globetrotter II* to continue working at the rig site past the point where it could safely secure the rig and escape the storm.

14. Finally, on August 27, 2021—mere hours before the storm was open them—the *Globetrotter II* unlatched and headed back to port. Defendants' chosen course took the *Globetrotter II* within 10 miles of Hurricane Ida's eyewall. Plaintiff was exposed to 150 mile per hour winds and 80-foot swells. On board, the ferocious sea tossed the crew around and threw them into the floors and ceilings of the vessel. The *Globetrotter II* was swaying side-to-side so severely that the crew was literally walking on the vessel's walls. The tilt was so extreme that the *Globetrotter II* lost two of its eight thrusters and almost capsized as a result. Plaintiff, along with many other crewmembers, believed they were going to die.

15. As a direct result of Defendants' gross negligence and recklessness, Plaintiff sustained bodily injuries and mental anguish. Specifically, Plaintiff suffered physical injuries from the incident, including injuries to his neck, back, shoulders, head, and other parts of his body. Plaintiff also suffered from severe emotional disturbance as a result of Defendants' actions including anxiety, nightmares, night tremors, difficulty in focusing and concentration, sleep disturbance, and more.

## VI.    Cause of Action – Negligence & Negligence Per Se

16. Defendants are negligent and negligent per se for the following reasons:

    a.   Failure to properly supervise their crew;

    b.   Failure to avoid obviously dangerous decisions that put the crew in peril;

    c.   Failure to properly train their employees or contractors;

    d.   Failure to provide adequate safety equipment;

    e.   Failure to provide Plaintiff a safe working environment;

    f.   Failure to provide Plaintiff adequate safety from storms and Hurricane;

    g.   Failure to timely and effective evacuate the vessel;

    h.   Failure to provide adequate medical treatment;

    i.   Operating the vessel with an inadequate crew;

    j.   Failing to maintain safe mechanisms for work on the vessel;

    k.   Failure to maintain, inspect, and/or repair the vessel's equipment;

    l.   Operating the vessel in an unsafe and improper manner;

    m.   Failure to have the vessel moored in a safe area;

    n.   Vicariously liable for their employees' and agents' negligence;

o.   Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

p.   Other acts deemed negligent.

### VII.    Cause of Action – Unseaworthiness

17. At all relevant times, the *Globetrotter II* was unseaworthy, which entitles Plaintiff to relief under the doctrine of unseaworthiness and general maritime law.

### VIII.    Actual Damages

18. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff seeks punitive damages against Defendants for recklessly ordered the *Globetrotter II* to continue working even as Hurricane Ida bore down on its location, and for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

### IX.    Punitive Damages

19. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the

conditions which caused Plaintiff's injuries but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## X.    Jury Demand

20. Plaintiff demands a trial by jury.

## XI.    Request for Disclosures

21. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff's Requests for Disclosure to Defendants.

## XII.    Prayer

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000. Additionally, Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff shows himself justly entitled, including but not limited to:

a) Past and future medical damages;

b) Past and future loss of earning capacity;

c) Past and future pain and suffering and mental anguish;

d) Past and future impairment;

e) Past and future disfigurement;

f) Exemplary damages;

g) Loss of household services;

h) Past and future loss of consortium;

i) Past and future maintenance and cure obligations;

j) Pre-judgment interest;

k) Post-judgment interest;

l) Costs of Court;

m) Attorney fees; and

n) All other relief to which Plaintiff is justly entitled, either at law or in equity.

**Respectfully submitted,**

**JASON J. JOY & ASSOCIATES, P.L.L.C.**

*/s/ Colin G. Wood*
Colin G. Wood
TXBN: 24082535
909 Texas Street, Suite 1801
Houston, TX 77002
Office: (713) 221-6500
Direct: (281) 724-4164
Facsimile: (713) 221-1717
colin@jasonjoylaw.com

**ATTORNEY FOR PLAINTIFF JOHN
JOHNSON**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

COLIN WOOD on behalf of Colin Wood
Bar No. 24082535
COLIN@JASONJOYLAW.COM
Envelope ID: 67149053
Status as of 8/10/2022 2:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JASON JJOY | | JASON@JASONJOYLAW.COM | 8/10/2022 1:45:40 PM | SENT |
| Colin JWood | | colin@jasonjoylaw.com | 8/10/2022 1:45:40 PM | SENT |
| Kathleen O'Connor | | Kathleen@jasonjoylaw.com | 8/10/2022 1:45:40 PM | SENT |
| Alexandre Petit | | alex@jasonjoylaw.com | 8/10/2022 1:45:40 PM | SENT |

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
09/01/2022
CT Log Number 542236719

## Service of Process Transmittal Summary

**TO:**    Robin Johnson
Shell USA, Inc.
150 N DAIRY ASHFORD RD
HOUSTON, TX 77079-1115

**RE:**    **Process Served in Texas**

**FOR:**    Shell Oil Company  (Former Name)  (Domestic State: DE)
Shell USA, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: John Johnson // To: Shell USA, Inc. |
| **CASE #:** | 202248884 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/01/2022 at 03:30 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/01/2022, Expected Purge Date: 09/06/2022 |
| | Telephone,  Robin Johnson , -8323372831 |
| | Image SOP |
| | Email Notification,  Robin Johnson  robin.l.johnson@shell.com |
| | Email Notification,  Patricia Gunning  patricia.gunning@shell.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Thu, Sep 1, 2022
**Server Name:**              D'Ann Wathen

| | |
|---|---|
| Entity Served | Shell Oil Company |
| Case Number | 2022-48884 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



DELIVERED SEP - 1 2022

Receipt Number: 938346
Tracking Number: 74043613

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202248884

| | |
|---|---|
| PLAINTIFF: JOHNSON, JOHN | In the 269th Judicial |
| vs. | District Court of |
| DEFENDANT: NOBLE DRILLING (U S) LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: SHELL OIL COMPANY (A DELAWARE COMPANY) MAY BE SERVED WITH PROCESS BY AND THROUGH
ITS REGISTERED AGENT FOR SERVICE

CT COPRORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

This instrument was filed on August 10, 2022, in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

   YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit.  These disclosures generally must be
made no later than 30 days after you file your answer with the clerk.  Find out more
at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
August 25, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: PATRICIA JONES

Issued at request of:
WOOD, COLIN GERALD ORION
909 TEXAS ST. SUITE 1801
HOUSTON, TX  77002
281-724-4164
Bar Number: 24082535

**DELIVERED** SEP - 1 2022

Tracking Number: 74043613
EML

CAUSE NUMBER: 202248884

| | |
|---|---|
| PLAINTIFF: JOHNSON, JOHN | In the 269th |
| vs. | Judicial District Court |
| DEFENDANT: NOBLE DRILLING (U S) LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition .
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____        _____

_____ of _____

County, Texas

_____        By: _____
        Affiant                        Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
                Notary Public

8/10/2022 1:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67149053
By: Patricia Jones
Filed: 8/10/2022 1:45 PM

# 2022-48884 / Court: 269

## CAUSE NO. _____

| | | |
|---|---|---|
| John Johnson | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| Noble Drilling (U.S.), LLC, | § | HARRIS COUNTY, TEXAS |
| Noble Drilling Services, Inc., | § | |
| Noble Corporation, Noble Drilling | § | |
| Holding, LLC, Shell Oil Company, | § | |
| and Shell Offshore Inc. | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff John Johnson files this Original Petition and Request for Disclosure complaining of Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Corporation, Noble Drilling Holding, LLC, Shell Oil Company, and Shell Offshore Inc. (collectively referred to as "Defendants") and will respectfully show the Court as follows:

### I.    Jurisdiction

1. This case is filed under the Jones Act (46 U.S.C. § 30104), as well as general maritime law (28 U.S.C. § 1333). The Harris County District Courts have jurisdiction over this matter pursuant to the Saving to Suitors clause (28 U.S.C. § 1333(1)). Further, Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

2. This case is not removable to federal court under the Outer Continental Shelf Lands Act ("OCSLA"). Under prevailing 5th Circuit precedent, removal under OCSLA is only permissible where the vessel was "permanently or temporarily attached to the seabed [of the Outer Continental Shelf] … for the purposes of exploring for, developing, or producing resources therefrom." *See Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 213 (5th Cir. 2013), citing 43 U.S.C. § 1333.

Further, OCSLA expressly excludes "a ship or vessel" from its scope. 43 U.S.C. § 1333(a)(1)(A)(iv). Here, the vessel in question—the *Noble Globetrotter II* ("*Globetrotter II*")— was not "permanently or temporarily attached to the seabed [of the OCS.]" *Barker* at 213. More importantly, it is a vessel and therefore expressly excluded from the statute.

## II.    Venue

3.   Venue is proper pursuant to Tex. Civ. Prac. Rem. Code § 15.002(3) because one or more Defendants have a principal place of business located in Harris County.

## III.    Discovery Level

4.   Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.    Parties

5.   Plaintiff John Johnson is a Jones Act Seaman who resides in Lafayette, Louisiana. Mr. Johnson was working aboard the *Globetrotter II* when the events giving rise to this petition took place.

6.   Defendant Noble Drilling (U.S.) LLC is a domestic company with its principal place of business in Sugar Land, Texas. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

7.   Defendant Noble Drilling Services, Inc. is a domestic corporation with its principal place of business in Sugar Land, Texas. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

8.  Defendant Noble Corporation is a domestic corporation with its principal place of business in Sugar Land, Texas. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

9.  Defendant Noble Drilling Holding, LLC is a foreign corporation with significant ties to the State of Texas. The Court may exercise personal jurisdiction over Defendant Noble Drilling Holding, LLC because it does a substantial amount of business in Texas. Defendant Noble Drilling Holding, LLC has systematic and continued contacts with Texas that justify the exercise of general jurisdiction. Defendant Noble Drilling Holding, LLC is also subject to the specific jurisdiction of this court because its contacts with Texas are directly related to the incident from which Plaintiff's claims arise. This Defendant may be served with process by and through its registered agent for service: The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE 19801.

10. Defendant Shell Oil Company is a Delaware company that has its principal place of business and headquarters in Harris County. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

11. Defendant Shell Offshore Inc. is a Delaware corporation that has its principal place of business and headquarters in Harris County. It may be served with process by and through its registered agent for service: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

### V.    Facts

12. This suit arises out of grossly reckless conduct by Defendants leading up to and during Hurricane Ida—one of the most powerful and damaging hurricanes to ever strike the United States. Hurricane Ida formed in the Gulf of Mexico on or about August 26, 2021, and made landfall in

Port Fourchon, Louisiana on August 29, 2021. During this time, Plaintiff was working aboard the *Globetrotter II*, a vessel owned, operated and/or maintained by Defendants. At all relevant times Plaintiff was a Jones Act Seaman. Although Hurricane Ida made landfall on August 29, 2021, warnings about the storm's gathering strength were issued days in advance. From the time it became a tropical depression on August 26, 2021, the forecast narrowed in on the lower southeast coast of Louisiana as the bullseye for landfall. As projected, Hurricane Ida made landfall in southeast Louisiana near Port Fourchon with sustained winds of 150 miles per hour.

13. At all material times, the *Globetrotter II* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Ida entered the Gulf of Mexico taking aim at the southeast Louisiana shore. No human being should be in the path of a hurricane as powerful as Hurricane Ida. Unfortunately for Plaintiff, neither Shell nor the Noble Defendants cared about the risks posed to Plaintiff. On August 27, 2021, Plaintiff was aboard the drillship *Globetrotter II* in the Gulf of Mexico. Despite the undeniable path of the oncoming storm, Defendants ordered the *Globetrotter II* to continue working at the rig site past the point where it could safely secure the rig and escape the storm.

14. Finally, on August 27, 2021—mere hours before the storm was open them—the *Globetrotter II* unlatched and headed back to port. Defendants' chosen course took the *Globetrotter II* within 10 miles of Hurricane Ida's eyewall. Plaintiff was exposed to 150 mile per hour winds and 80-foot swells. On board, the ferocious sea tossed the crew around and threw them into the floors and ceilings of the vessel. The *Globetrotter II* was swaying side-to-side so severely that the crew was literally walking on the vessel's walls. The tilt was so extreme that the *Globetrotter II* lost two of its eight thrusters and almost capsized as a result. Plaintiff, along with many other crewmembers, believed they were going to die.

15. As a direct result of Defendants' gross negligence and recklessness, Plaintiff sustained bodily injuries and mental anguish. Specifically, Plaintiff suffered physical injuries from the incident, including injuries to his neck, back, shoulders, head, and other parts of his body. Plaintiff also suffered from severe emotional disturbance as a result of Defendants' actions including anxiety, nightmares, night tremors, difficulty in focusing and concentration, sleep disturbance, and more.

### VI.     Cause of Action – Negligence & Negligence Per Se

16. Defendants are negligent and negligent per se for the following reasons:

    a.  Failure to properly supervise their crew;

    b.  Failure to avoid obviously dangerous decisions that put the crew in peril;

    c.  Failure to properly train their employees or contractors;

    d.  Failure to provide adequate safety equipment;

    e.  Failure to provide Plaintiff a safe working environment;

    f.  Failure to provide Plaintiff adequate safety from storms and Hurricane;

    g.  Failure to timely and effective evacuate the vessel;

    h.  Failure to provide adequate medical treatment;

    i.  Operating the vessel with an inadequate crew;

    j.  Failing to maintain safe mechanisms for work on the vessel;

    k.  Failure to maintain, inspect, and/or repair the vessel's equipment;

    l.  Operating the vessel in an unsafe and improper manner;

    m. Failure to have the vessel moored in a safe area;

    n.  Vicariously liable for their employees' and agents' negligence;

o.  Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

p.  Other acts deemed negligent.

## VII.    Cause of Action – Unseaworthiness

17. At all relevant times, the *Globetrotter II* was unseaworthy, which entitles Plaintiff to relief under the doctrine of unseaworthiness and general maritime law.

## VIII.    Actual Damages

18. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff seeks punitive damages against Defendants for recklessly ordered the *Globetrotter II* to continue working even as Hurricane Ida bore down on its location, and for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

## IX.    Punitive Damages

19. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the

conditions which caused Plaintiff's injuries but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## X.    Jury Demand

20. Plaintiff demands a trial by jury.

## XI.    Request for Disclosures

21. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff's Requests for Disclosure to Defendants.

## XII.    Prayer

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000. Additionally, Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff shows himself justly entitled, including but not limited to:

a) Past and future medical damages;

b) Past and future loss of earning capacity;

c) Past and future pain and suffering and mental anguish;

d) Past and future impairment;

e) Past and future disfigurement;

f) Exemplary damages;

g) Loss of household services;

h) Past and future loss of consortium;

i) Past and future maintenance and cure obligations;

j) Pre-judgment interest;

k) Post-judgment interest;

l) Costs of Court;

m) Attorney fees; and

n) All other relief to which Plaintiff is justly entitled, either at law or in equity.

**Respectfully submitted,**

**JASON J. JOY & ASSOCIATES, P.L.L.C.**

*/s/ Colin G. Wood*
Colin G. Wood
TXBN: 24082535
909 Texas Street, Suite 1801
Houston, TX 77002
Office: (713) 221-6500
Direct: (281) 724-4164
Facsimile: (713) 221-1717
colin@jasonjoylaw.com

**ATTORNEY FOR PLAINTIFF JOHN
JOHNSON**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

COLIN WOOD on behalf of Colin Wood
Bar No. 24082535
COLIN@JASONJOYLAW.COM
Envelope ID: 67149053
Status as of 8/10/2022 2:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JASON JJOY | | JASON@JASONJOYLAW.COM | 8/10/2022 1:45:40 PM | SENT |
| Colin JWood | | colin@jasonjoylaw.com | 8/10/2022 1:45:40 PM | SENT |
| Kathleen O'Connor | | Kathleen@jasonjoylaw.com | 8/10/2022 1:45:40 PM | SENT |
| Alexandre Petit | | alex@jasonjoylaw.com | 8/10/2022 1:45:40 PM | SENT |

## ORDER NUMBER
## 2022.08.679812

**DATE**: **Friday August 26, 2022**
**Court Record Research, Inc.**
**PO Box 3796**
**Houston, TX 77253-3796**

**FROM: David Gebhardt**
**PHONE: 800-552-3353 or 713-227-3353**
**EMAIL: update@courtrecords.com**

**ENTITY BEING SERVED: SHELL OFFSHORE, INC. (A DELAWARE COMPANY) BY SERVING ITS
REGISTERED AGENT, CT CORPORATION SYSTEM @ 1999 BRYAN STREET, SUITE 900, DALLAS, TX
75201.**
**CAUSE #: 2022-48884 ; COURT#: IN THE 269TH JUDICIAL DISTRICT COURT OF HARRIS
COUNTY, TEXAS**
**STYLE: JOHN JOHNSON vs. NOBLE DRILLING (U.S.), LLC, ET AL**

**MEMO**
Attached you will find **CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR
DISCLOSURE** for **PERSONAL SERVICE.** Once service has been **executed, please _EMAIL_ me with the
details (time, date, location of service) at: update@courtrecords.com**

## AFTER COMPLETION:

**Email completed Affidavit/Proof, NonServe or 106 Aff along with your
invoice to update@courtrecords.com then forward to:**
**Attn: David Gebhardt**
**Court Record Research, Inc.**
**PO Box 3796**
**Houston, TX 77253**


*********
**Please be sure to add our order number (located at the top of this
page) to your INVOICE. It helps pay you faster.**
*********